IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARVIN W. GRAVES, #1709000 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv400 |
| | § | |
| JOSEPH D. BROWN | § | |

## ORDER OF DISMISSAL

Plaintiff Marvin W. Graves, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, brings this civil rights lawsuit against Grayson County District Attorney Joseph D. Brown. The cause of action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the complaint should be dismissed as frivolous. Plaintiff has filed objections.

Plaintiff alleges that Brown tampered with a State witness. More specifically, he dropped a D.W.I. charge against the witness in exchange for her testimony. He claims that she committed perjury. In both his complaint and objections, he states that he wants Brown investigated for tampering with the witness.

The Report and Recommendation correctly observed that Plaintiff is bringing the wrong type of lawsuit. The Supreme Court has held that a plaintiff who brings a civil rights action under § 1983 for actions whose unlawfulness would render a conviction invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claim is habeas in nature. The Supreme Court has clearly specified that the "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible

with 'rudimentary demands of justice.'" *Giglio v. United States*, 405 U.S. 150, 153 (1972) (citations omitted). In order to succeed in a habeas case, a petitioner must demonstrate: (1) that the testimony in question was actually false, (2) that the prosecutor was aware of the perjury, and (3) that the testimony was material. *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). Plaintiff may not bring a civil rights lawsuit in lieu of a habeas corpus proceeding in an effort to challenge his conviction.

The Report and Recommendation also correctly observes that Brown enjoys prosecutorial immunity, which applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Plaintiff to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 42 U.S.C. § 1915A(b)(1). All motions not previously ruled on are hereby **DENIED**.

**SIGNED this 18th day of July, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE